UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rosemary Delgado,

                Plaintiff,

v.

Rodney Hajicek, a detective and police officer employed by the East Grand Forks Police Department, in both his individual and official capacities, *et al.*,

                Defendants.

Civ. No. 07-2186 (RHK/RLE)
**MEMORANDUM OPINION AND ORDER**

DeWayne A. Johnston, Johnston Law Office, Grand Forks, North Dakota, David C. Thompson, David C. Thompson, PC, Grand Forks, North Dakota, for Plaintiff.

Jon K. Iverson, Susan M. Tindal, Iverson Reuvers, LLC, Bloomington, Minnesota, for Defendants.

This matter is before the Court on Plaintiff's Objections (Doc. No. 60) to Defendant Rodney Hajicek's Bill of Costs (Doc. No. 56). For the reasons set forth below, Plaintiff's Objections will be sustained in part and overruled in part.

**BACKGROUND**

This is a 42 U.S.C. § 1983 action in which Plaintiff alleged that her constitutional rights were violated when she was arrested in 2002. The factual and procedural background is set forth in more detail in the Court's Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment, and will not be repeated here. See

Delgado v. Hajicek, Civ. No. 07-2186, 2008 WL 2042606 (D. Minn. May 12, 2008). Familiarity with that opinion is assumed.

Plaintiff appealed the dismissal of her case to the Eighth Circuit, which affirmed on March 25, 2009. See Delgado v. Hajicek, No. 08-2560, 317 Fed. Appx. 571 (8th Cir. Mar. 25, 2009). Hajicek then filed a Bill of Costs, seeking to tax $4,150.46 in costs incurred in connection with this case. In particular, he seeks (1) $1,219.40 for transcripts of the depositions of four witnesses, including Plaintiff; (2) $149.05 for photocopies and copies of Plaintiff's criminal records; and (3) $2,782.01 for travel and lodging costs incurred in connection with depositions in Texas and North Dakota. Plaintiff now raises several objections to the Bill of Costs.[1]

## ANALYSIS

**I.    Plaintiff's Objections**

1.    <u>Timeliness.</u>  Plaintiff argues that the entire Bill of Costs should be rejected as untimely. She notes that "[i]t was more than a year after this Court's judgment was entered . . . in favor of defendant . . . and almost three months following the issuance of the Eighth Circuit's affirmance mandate" that Hajicek filed his Bill of Costs. (Objections

---

[1] Under Federal Rule of Civil Procedure 54(d)(1), the Clerk of the Court usually first taxes costs, after which a party may appeal the Clerk's action to the presiding judicial officer. See 10 Wright, Miller & Kane, Federal Practice & Procedure: Civ. 3rd § 2679, at 488 (3rd ed. 1998) ("The function of the court in the process of taxing costs is merely to review the determination of the clerk."). But the Court discerns no principled reason to wait for the Clerk to tax costs here before the undersigned acts on Plaintiff's Objections. See, e.g., Nelson v. Darragh Co., 120 F.R.D. 517, 518 (W.D. Ark. 1988) (Morris Sheppard Arnold, J.) (collecting cases recognizing that district court may act on bill of costs before court clerk).

at 7.) But Federal Rule of Civil Procedure 54(d)(1), which governs the taxation of costs, does not contain any deadline for filing a bill of costs. Accordingly, courts have concluded that a bill of costs must only be filed within a reasonable period of time following judgment. See, e.g., Ratcliff v. ABC Television & Appliance Rental, Inc., No. 7:04CV00757, 2006 WL 229153, at *1 (W.D. Va. Jan. 19, 2006); Nelson v. Darragh Co., 120 F.R.D. 517, 519 (W.D. Ark. 1988) (Morris Sheppard Arnold, J.).

Moreover, in this District "costs are not ordinarily taxed while an appeal is pending." Taxation of Costs in a Civil Case in the United States District Court for the District of Minnesota (hereinafter, the "Bill of Costs Guide"), available at http://www.mnd.uscourts.gov/BillOfCostsGuidelines.pdf. That includes the 90-day period during which a party may seek a writ of *certiorari* from the Supreme Court. See id. Here, the 90-day *certiorari* period expired on June 23, 2009, ninety days after the Eighth Circuit affirmed. See Sup. Ct. R. 13 (filing period for writ of *certiorari* expires 90 days after entry of judgment, not date mandate issues). Hajicek filed his Bill of Costs on July 7, 2009, two weeks later. Such a delay is by no means unreasonable. See, e.g., Veliz v. City of Minneapolis, Civ. No. 07-2376, 2009 WL 483854, at *1 (D. Minn. Feb. 25, 2009) (Kyle, J.) (two-month delay reasonable); Ratcliff, 2006 WL 229153, at *1 (same).

2. Travel expenses. Plaintiff next argues that $2,782.01 in attorney travel and lodging costs incurred in connection with depositions in Texas and North Dakota is not taxable. This objection is well-founded.

Generally, the costs that may be awarded under Rule 54 are limited to those

-3-

provided in 28 U.S.C. § 1920.  See, e.g., Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).  Because attorney travel and lodging costs are absent from Section 1920, such expenses typically "are not recoverable as costs."  Harkins v. Riverboat Servs., Inc., 286 F. Supp. 2d 976, 983 (N.D. Ill. 2003); accord, e.g., J.T. Gibbons, Inc. v. Crawford Fitting Co., 760 F.2d 613, 616 (5th Cir. 1985) ("As a general rule attorneys' fees and travel expenses incurred in connection with deposition taking[] are not usually taxable as costs."); Kemberling v. MetLife Life & Annuity Co. of Conn., No. 08-cv-1741, 2008 WL 2609402, at *1 & n.1 (M.D. Fla. June 30, 2008).

However, costs beyond those prescribed in Section 1920 may be awarded, in the district court's discretion, where they enjoy some other statutory authority.  See, e.g., Sturgill v. United Parcel Serv., Inc., 512 F.3d 1024, 1036 (8th Cir. 2008); Smith, 436 F.3d at 889.  Here, Hajicek has pointed to no such authority.  The Court could deny travel and lodging costs on this basis alone.

Yet, the Civil Rights Attorney's Fees Awards Act of 1976, Pub. L. No. 94-559, § 2, 90 Stat. 2641 (Oct. 19, 1976), codified at 42 U.S.C. § 1988, provides that the prevailing party in Section-1983 litigation may be awarded his attorneys' fees; and costs – including travel costs – may be included as part of those fees.  See, e.g., Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996) (*per curiam*) ("[S]ome expenses are included in the concept of attorney's fees, as incidental and necessary expenses in furnishing effective and competent representation, and thus are authorized by section 1988.") (citations omitted); Harris v. Marhoefer, 24 F.3d 16, 19-20 (9th Cir. 1994)

(Bright, J., sitting by designation). However, Hajicek cannot avail himself of Section 1988 here, because a necessary prerequisite to an award of costs under that statute is a prior award of attorneys' fees, and there has been no such award in this case. Indeed, Hajicek has not even sought an award of fees, and the time for doing so under the Court's Local Rules has long passed.

Nor would the Court have awarded fees if such a request had been timely made. Under Section 1988, fees may be awarded to a prevailing defendant in a civil-rights action only when the plaintiff's claim was "frivolous, unfounded, and vexatiously brought and pursued." Davis v. City of Charleston, Mo., 917 F.2d 1502, 1505 (8th Cir. 1990) (internal quotation marks and citation omitted); accord Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers, 26 F.3d 842, 848 (8th Cir. 1994). Hence, a prevailing defendant "is entitled to attorney's fees only in very narrow circumstances." Williams v. City of Carl Junction, Mo., 523 F.3d 841, 843 (8th Cir. 2008) (internal quotation marks and citation omitted). While the Court ruled at summary judgment that Plaintiff's claims were meritless, there was at least a scintilla of circumstantial evidence to support them. Accordingly, the Court cannot conclude that the claims were so patently without merit as to be frivolous, unfounded, or vexatiously filed. See id. (as long as "the plaintiff has some basis for [her] claim, a prevailing defendant may not recover attorneys' fees") (internal quotation marks and citations omitted).[2]

---

[2] Moreover, the Court enjoys broad discretion in deciding whether to award fees under Section 1988. See, e.g., Harmon v. City of Kansas City, Mo., 197 F.3d 321, 329 (8th Cir. 1999).

3. <u>Inequity</u>.  Finally, Plaintiff argues that because Hajicek has sought "clearly unauthorized" travel and lodging costs, the Court's award of *any* costs would be "inequitable under the circumstances." (<u>See</u> Objections at 5-6.) The Court does not agree. The unauthorized costs Hajicek seeks have already been denied. The Court perceives nothing "inequitable" about awarding him the remaining costs requested, which are expressly authorized by statute and to which he is presumptively entitled. <u>See</u> 28 U.S.C. § 1920; <u>see also</u> <u>168th & Dodge, LP v. Rave Reviews Cinemas, LLC</u>, 501 F.3d 945, 958 (8th Cir. 2007) ("A prevailing party is presumptively entitled to recover . . . its costs.").

For all the foregoing reasons, the Court concludes that Hajicek is entitled to recover (1) deposition-transcript costs and (2) charges for copies of documents, but not travel and lodging expenses.

## II. The amount of taxable costs will be reduced

Although not argued by Plaintiff, the Court concludes that the taxable costs Hajicek seeks must be reduced for several additional reasons.

<u>Transcripts</u>. Hajicek requests $1,219.40 for deposition transcripts of four witnesses – himself, Plaintiff, co-defendant Chris Olson, and Officer Mark Whalen. Generally, the fee for a deposition transcript "necessarily obtained for use in the case" is a

---

Given the potential chilling effect an award of travel and lodging costs might have on future plaintiffs, the Court believes it would be inappropriate to tax such costs here, where there is no evidence that Plaintiff litigated this case in bad faith or in an obstreperous manner.

taxable cost. 28 U.S.C. § 1920(2); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). The Court has no trouble concluding that Plaintiff's, Hajicek's, and Olson's depositions were necessary in this case, as each was relied upon by Defendants (and the Court) in connection with the summary-judgment Motion. Whalen's deposition, however, received only a fleeting reference in Defendants' summary-judgment brief (appearing in one footnote), and the Court did not rely upon it when granting the Motion. Nor has Hajicek explained, in connection with *this* Motion, why that deposition was necessary. The Court concludes, therefore, that costs incurred in connection with Whalen's deposition are not taxable. See Gochis v. Allstate Ins. Co., 162 F.R.D. 248, 252 (D. Mass. 1995) ("[T]he mere fact of citation in a brief does not automatically entitle the prevailing party to costs for [such] deposition."); Fressell v. AT&T Techs., Inc., 103 F.R.D. 111, 116 (N.D. Ga. 1984) (disallowing deposition costs where transcripts were submitted in connection with summary-judgment motion, because party seeking costs failed to explain "the necessity of the depositions").

In addition, the invoices submitted by the two court reporters who transcribed the depositions indicate that the transcripts were prepared on an expedited basis for an additional fee, although the amount of that fee is undisclosed. (See Tindal Aff. Exs. C-D.) Fees for expedited transcripts are not taxable absent some explanation why expedition was necessary. See Bill of Costs Guide ¶ 4(d); Rakes v. Life Investors Ins. Co. of Am., No. 06-CV-99, 2008 WL 4852932, at *8 (N.D. Iowa Nov. 7, 2008). No such explanation is offered here. Because the Court cannot discern the amount of the fee

charged for expedited transcripts, it will exercise its discretion and reduce the amount sought by 20%. Cf. id. (disallowing transcript fees *in their entirety*, because "while it is clear there are expedited fees . . . being billed, the expedited fees . . . are not itemized").

Finally, Section 1920 "does not authorize the taxing of postage and delivery expenses as costs against the unsuccessful party." Id. at *7 (citing Smith, 436 F.3d at 889). The Court therefore declines to award $4.90 in postage sought.

Accordingly, the Court will tax a total of $897.45 in deposition costs.[3]

Copying fees. Hajicek seeks $194.05 for copying fees, composed of $20 for records from the East Grand Forks District Court; $20 for records from the Polk County District Court; and $109.05 for "in-house copies for summary judgment motion." (Tindal Aff. ¶ 6.) The fees for the court records, which were cited extensively at summary judgment, are taxable. See Eleby v. Unilever Food Solutions, No. 05 C 4509, 2006 WL 1749903, at *2 (N.D. Ill. June 20, 2006) (costs incurred in obtaining official records taxable). However, the Court declines to award the in-house copying costs because there is no indication whether such costs were incurred making copies for the convenience of counsel or for some other reason. See Sphere Drake Ins. PLC v. Trisko, 66 F. Supp. 2d 1088, 1093-94 (D. Minn. 1999) (Erickson, M.J.) (cost statute does not "cover a party's copying of documents . . . for the convenience of counsel"); Bill of Costs Guide ¶ 6(c)

---

[3] The Court calculates this amount as follows: $665 (Plaintiff's deposition) + $267.75 (Hajicek's deposition) + $168.75 (Olson's deposition) = $1,101.50 - 20% reduction for expedition fees ($220.30) = $881.20. Hajicek may also recover $16.25 for photocopies of deposition exhibits by the court reporters, for a total of $897.45.

(copying costs will not be taxed "if it cannot be determined whether all or a specific number of copies are taxable").  Accordingly, the Court will award $40 in copying costs.

In total, therefore, the Court will tax $937.45 ($897.45 + $40) in costs.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Objections (Doc. No. 60) to Defendant Hajicek's Bill of Costs are **SUSTAINED IN PART** and **OVERRULED IN PART**.  It is further **ORDERED** that the Clerk of the Court shall tax costs against Plaintiff in the amount of $937.45.


Dated: July 30, 2009               s/Richard H. Kyle
                                   RICHARD H. KYLE
                                   United States District Judge